UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNGARD PUBLIC SECTOR, INC.,

        Case No.: 6:10-cv-001815-Orl-28GJK

    Plaintiff,

v.

INNOPRISE SOFTWARE, INC., N. HARRIS
COMPUTER CORPORATION, HARRIS
SYSTEMS USA, INC., HARWARD
INVESTMENTS, INC., CRUSADER
INVESTMENTS, LLC, DENNIS HARWARD,
and JOHN CONNORS,

    Defendants.
_____/

**DEFENDANT CRUSADER INVESTMENTS, LLC'S
MOTION TO DISMISS COUNTS VI AND VII OF THE SECOND
AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

    Defendant, CRUSADER INVESTMENTS, LLC ("Crusader"), by and through its undersigned counsel, Shankman Leone, P.A., hereby moves this Court to Dismiss Crusader from the Second Amended Complaint and as grounds therefore states:

**INTRODUCTION**

    1.    This Court should dismiss Crusader from the Second Amended Complaint. Count VI of the Second Amended Complaint for Florida's Uniform Fraudulent Transfer Act fails to state a cause of action against Crusader because the allegations as a whole are insufficient and because Plaintiff's only allegations of wrongdoing by Crusader are directly contradicted by the relevant asset purchase agreement at issue. Count VII of the Second Amended Complaint for civil conspiracy fails to allege that Crusader engaged in an independently wrongful act, as required.

# FACTS

*Procedure*

2. Plaintiff filed its Second Amended Complaint on June 27, 2011.

3. Crusader was served with the complaint on August 8, 2011.

4. In Plaintiff's Second Amended Complaint, Plaintiff, as relevant, added Crusader as a party and purports to assert two causes of action against it. See Second Am. Compl., pp. 1 - 11, ¶¶ 1 – 44 and pp. 18 – 25, ¶¶ 90 – 121.

5. The first cause of action against Crusader is contained in Count VI of the Second Amended Complaint and is based on Crusader's alleged participation in the sale of co-defendant Innoprise Software, Inc.'s ("Innoprise") assets to its competitors, N. Harris Computer Corporation and Harris Systems USA, Inc. (together, "Harris"). See Second Am. Compl, pp. 18 – 21, ¶¶ 90 -108.

6. The second cause of action against Crusader is contained in Count VII of the Second Amended Complaint and based on Crusader's alleged participation in Civil Conspiracy. See Second Am. Compl., pp. 21 – 23, ¶¶ 109 - 123.

*Violation of Uniform Transfer Act Against Crusader*

7. In Count VI, Plaintiff generally alleges that Innoprise allowed Harris to acquire it so that Plaintiff was hindered, delayed, and defrauded in its efforts to pursue its claims against Innoprise. See Second Am. Compl., p. 19, ¶ 98.

8. As relevant to Crusader, Plaintiff alleges that in furtherance of this plan, Crusader agreed to accept the proceeds paid by Harris from the sale of Innoprise. See Second Am. Compl., p. 19, ¶¶ 104 - 105.

9. Plaintiff alleges no other wrongdoing by Crusader in this transaction.

10. The Asset Purchase Agreement ("APA") relating to this transaction and incorporated into the Second Amended Complaint directly contradicts these allegations. Compare, Second Am. Compl., pp. 19 – 20, ¶¶ 102 – 106 with APA §§2.6 and 2.11.

*Civil Conspiracy allegations against Crusader*

11. In Count VII, Plaintiff alleges, in essence, that all seven defendants conspired to "create a scheme whereby Defendants would infringe on [Plaintiff's] copyright for its NaviLine software and avoid liability for such infringement." See Second Am. Compl., p. 21, ¶ 110.

12. Plaintiff further alleges that Crusader, together with the remaining defendants, "agreed that Innoprise [Software, Inc.'s] customer contracts would be assigned to Harris, and that Harris would assume Innoprise's obligations thereunder . . ." See Second Am. Compl., p. 21, ¶ 111.

13. Plaintiff also alleges that defendants, including Crusader, "knew at the time they entered into the acquisition agreement that in providing maintenance and support services for [Plaintiff's] NaviLine software, Harris would be required to infringe [Plaintiff's] registered copyrights." See Second Am. Compl., p. 22, ¶ 119.

14. Plaintiff finally alleges that it suffered damages as a result of defendants' "agreement to violate [Plaintiff's] proprietary rights to the source code associated with its copyrighted NaviLine software". See Second Am. Compl., p. 22, ¶ 120.

15. Plaintiff does not and cannot allege that Crusader: (a) is a party to any contract between Innoprise and its customers; (b) had any interest in any of those contracts; (c) is in a position to or does control Innoprise or either of the Harris entities; or (d) is in a position to approve or disapprove of any assignment of the Innoprise customer contracts.

16. Instead, the Second Amended Complaint seems to conclude that Crusader was part of a civil conspiracy merely by allegedly being a party to the acquisition agreement referenced in paragraph 119.

## MEMORANDUM OF LAW

### I. COUNT VI FAILS TO STATE A CAUSE OF ACTION

Plaintiff fails to state a cause of action for violation of Florida's Uniform Fraudulent Transfer Act ("FUFTA") because Plaintiff fails to adequately allege that Innoprise – as the seller – or Crusader had the requisite intent necessary to establish a claim. As relevant, FUFTA provides that transfers of property may be fraudulent when a debtor makes a transfer either with the actual intent to hinder, delay, or defraud any creditor of the debtor or without receiving reasonably equivalent value in exchange. See Fla. Stat. §726.105 (2010).

Plaintiff however only generally alleges that Crusader and the other defendants designed the transaction at issue to "hinder, delay, or defraud" Plaintiff "in pursuit of its claims." See Second Am. Compl., p. 19, ¶ 98. Plaintiff further generally alleges that "the acquisition" was structured with the "intent to hinder, delay or defraud" so that Innoprise "did not receive equivalent value for its assets." See Second Am. Compl., p. 19, ¶ 101. Plaintiff, however, fails to allege any fact that would tend to establish these legal conclusions. As such, Plaintiff does not adequately allege a cause of action because its "naked assertions" are devoid of sufficient "factual enhancement" to state a claim for relief that is plausible on its face. Bell Atl. Corp., 550 U.S. at 570. The cause of action, therefore, fails for this reason alone.

In addition, Plaintiff's allegations fail to adequately address the "badges of fraud" set forth in FUFTA and considered in determining whether the requisite intent exists. See Fla. Stat. §726.105(2); Myers v. Brook, 708 So.2d 607 (Fla. Dist. Ct. App. 1998). Of the "badges of

4

fraud" identified, Plaintiff fails to, as it must, adequately allege at least five. The Second Amended Complaint does not adequately allege that: (1) Innoprise's assets were transferred to an "insider" as defined by FUFTA; (2) Innoprise retained possession or control of the assets after the transfer; (3) the transfer was concealed; (4) Innoprise absconded; and (5) Innoprise transferred its assets to a lienor who then transferred them to an insider. Here, the allegations contradict many of these "badges of fraud." For example, it is self-evident and/or Plaintiff admits that: (1) the Harris entities are engaged in the same business as Innoprise and are, in turn, competitors; (2) the Harris entities are now in possession of Innoprise's assets; (3) the transfer was disclosed in a press release; (4) Innoprise remains to defend itself in this matter; (5) Innoprise transferred its assets to a competitor, not a lienor who, in turn, returned them. See Second Am. Compl., p. 2, ¶¶ 4 – 8; p. 18, ¶ 96; p. 19, ¶ 97.

Plaintiff also seems to imply that the mere fact that Innoprise's transfer of assets occurred during the pendency of this action is evidence of its intent to hinder, delay, or defraud. Florida law disagrees. See Jacksonville Bulls Football, Ltd. v. Blatt, 535 So.2d 626, 629 (Fla. Dist. Ct. App. 1988) (transfer occurring during pending suit does not render transfer fraudulent). Plaintiff also relies on the parties' asset purchase agreement to support its claim that Innoprise intended to hinder, delay, or defraud. Plaintiff's allegations however misrepresent the agreement's plain terms. Compare, Second Am. Compl., pp. 19 – 20, ¶¶ 103 – 106, with APA ¶¶ 2.6 and 2.11.

Moreover, Plaintiff's only allegations against Crusader are based on Crusader's alleged agreement to accept proceeds from the sale of Innoprise's assets from Harris. See Second Am. Compl., p. 19, ¶¶ 104 - 105. The APA, as incorporated into the Second Amended Complaint, directly refutes these allegations, as the hold back provisions cited by the Plaintiff simply do not include any provision for transfer of assets to Crusader, as alleged. Degirmenci v. SappCIre-Fort

Lauderdale, LLLP, 693 F.Supp.2d 1325, 1342 (S.D. Fla. 2010) ("Where allegations of a complaint are expressly contradicted by the plain language of an attachment to that complaint, the attachment controls and the allegations are nullified."). As such, Count VI contains no allegation establishing a claim against Crusader and Crusader should be dismissed from this count.

## II.     COUNT VII FAILS TO STATE A CAUSE OF ACTION

Plaintiff fails to state a cause of action for civil conspiracy against Crusader because it fails to set forth sufficient allegations to make a claim. To properly state a claim for civil conspiracy, a plaintiff must allege: "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." Florida Fern Growers Assoc., Inc. v. Concerned Citizens of Putnam Cty., 616 So.2d 562, 565 (Fla. 5th DCA 1993) and Tracfone Wireless, Inc. v. Bequator Corporation, Ltd., 2011 WL 1427635 (S.D. Fla. 2011).

In an effort to satisfy the first element, Plaintiff simply alleges, in conclusory fashion, that Crusader conspired with the remaining defendants to "infringe on [Plaintiff's] copyright for its NaviLine software and avoid liability for such infringement." See Second Am. Compl., p. 21, ¶ 110. Plaintiff however fails to specifically identify how Crusader conspired with any of the remaining defendants to either infringe Plaintiff's purported copyright or avoid liability for such infringement.

As relevant, Plaintiff offers no allegation relating to how Crusader allegedly participated in a conspiracy to infringe Plaintiff's purported copyright. A review of the Second Amended Complaint demonstrates that all of the allegations relating to the alleged copyright infringement

6

relate to Innoprise's allegedly wrongful conduct in accessing, copying, and modifying Plaintiff's purportedly copyrighted software and source code. See Second Am. Compl., pp. 8 - 10, ¶¶ 29 – 34; pp. 21 – 22, ¶¶ 112 – 119. Instead, Plaintiff only alleges that Crusader "knew at the time [it] entered into the acquisition agreement" that the purchase was "required to infringe [Plaintiff's] registered copyrights." See Second Am. Compl., p. 22, ¶ 119. Simply "knowing" about an alleged violation or conspiracy is not sufficient to support liability. See James v. Nationsbank Trust Co. Nat'l Assoc., 639 So.2d 1031, 1033 (Fla. Dist. Ct. App. 1994) (summary judgment granted because no claim for conspiracy can exist against a party who only "knew" about conspiracy); see also Trautz v. Weisman, 809 F.Supp. 239, 246 (S.D.N.Y. 1992) (knowledge of conspiracy is not sufficient to establish liability).

The same is true of Plaintiff's allegation that Crusader purportedly conspired to participate in avoiding liability for the alleged copyright infringement. Taking Plaintiff's allegations as true, Crusader is a party to an acquisition agreement that is allegedly designed to avoid Innoprise's liability. See Second Am. Compl., p. 21, ¶ 110. Crusader's alleged agreement to participate in an effort to avoid Innoprise's liability is founded solely upon its alleged agreement with the remaining defendants for the Harris entities to "acquire" Innoprise. See Second Am. Compl., p. 10, ¶ 37. On that point, Plaintiff further alleges that this acquisition was structured to "leave Innoprise with insufficient funds to satisfy a judgment against it." See Second Am. Compl., p. 11, ¶ 40. Although Plaintiff fails to state how the transaction is structured to avoid liability in Count VII, it does so elsewhere in the Second Amended Complaint. See Second Am. Compl., pp. 19 - 20, ¶¶ 102 - 109. A comparison of those allegations and the relevant agreement, however, demonstrates that Plaintiff misrepresents the structure of the transaction. Compare See Second Am. Compl., pp. 19 – 20, ¶¶ 102 – 109 with

APA ¶¶ 2.6 and 2.11 (previously filed under seal).  Degirmenci v. SappCIre-Fort Lauderdale, LLLP, 693 F.Supp.2d 1325, 1342 (S.D. Fla. 2010) ("Where allegations of a complaint are expressly contradicted by the plain language of an attachment to that complaint, the attachment controls and the allegations are nullified.") Importantly, however, Plaintiff fails in any discussion of the transaction's structure to describe how Crusader allegedly participated in the conspiracy. As such, it fails to state a cause of action as a party must actually participate in a conspiracy before a claim will lie.  See James, 639 So.2d at 1033 (summary judgment granted because no claim for conspiracy can exist against a party who only "knew" about conspiracy); see also Trautz, 809 F.Supp. at 246 (knowledge of conspiracy is not sufficient to establish liability).

In addition, Plaintiff fails to allege how Crusader's allegedly being a party to the asset purchase agreement at issue is an independently unlawful act, as is required.  The allegations with regard to unlawful conduct are based solely on Innoprise and/or the Harris entities' performance under other contracts.  Again, there is no allegation that Crusader did anything to perform maintenance or support services or did anything to assist Innoprise or the Harris entities with regard to providing those services in any unlawful manner.

Finally, Plaintiff fails to allege that any act by Crusader resulted in harm to Plaintiff. Instead, Plaintiff simply alleges that "[d]efendants' agreement to violate [Plaintiff's] proprietary rights to the source code associated with its copyrighted NaviLine software" caused damage. See Second Am. Compl., p. 23, ¶ 121.  As set forth above, there are no factual allegations that Crusader undertook any effort to infringe upon Plaintiff's alleged copyrights.  To state a claim for civil conspiracy, however, Florida law requires an allegation of damage arising from the acts done under the conspiracy.  See Tracfone Wireless, Inc. v. Bequator Corporation, Ltd., 2011 WL 1427635 (S.D. Fla. 2011).

**CONCLUSION**

Plaintiff cannot maintain a cause of action against Crusader for violation of Florida's Uniform Fraudulent Transfer Act because it failed to adequately allege the elements necessary to support a claim and its only allegations of wrong doing are directly contradicted by the actual APA. Likewise, Plaintiff cannot maintain a cause of action against Crusader for civil conspiracy because it has failed to adequately allege that Crusader: (1) actually participated in the alleged conspiracy, (2) undertook any wrongful act in furtherance of the conspiracy, or (3) caused damages. As such, this Court should dismiss Crusader from Count VII of the Complaint.

WHEREFORE, Defendant, Crusader Investments, LLC, respectfully requests that this Court dismiss it from Count VII of the Second Amended Complaint and for all other just and proper relief.

Dated: August 29, 2011.

> Respectfully submitted,
> **SHANKMAN LEONE, P.A**.
>
>
> /s/ Dennis D. Leone
> Dennis D. Leone, Esq.
> Florida Bar Number 069401
> dleone@shankmanleone.com
> William F. Russell, Esq.
> Florida Bar No. 010789
> wrussell@shankmanleone.com
> 609 E. Jackson Street, Suite 100
> Tampa, Florida 33602
> Telephone (813) 223-1099
> Facsimile (813) 223-1055
> Attorneys for Defendant, Crusader Investments, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of filing.

/s/ Dennis D. Leone
Attorney

**Service List – via Notice of Electronic Filing**

Derek E. León, Esq.
Florida Bar No. 625507
dleon@morganlewis.com
Benjamin Weinberg, Esq.
Florida Bar No. 061519
bweinberg@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001
Attorneys for Plaintiff, SunGard Public Sector, Inc.

Dawn I. Giebler-Millner, Esq.
Florida Bar No. 0856576
gieblerd@gtlaw.com
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida  32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
Counsel for Defendants, N. Harris Computer Corporation and Harris Systems USA, Inc.